# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

NICHOLAS JOHN ROSS,                                                Civil No. 08-1325 MJD/AJB

           Petitioner,

v.                                                                                    **REPORT AND RECOMMENDATION**

DWIGHT L. FONDREN, Warden,

           Respondent.

      This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Docket No. 1].  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1.  Petitioner is a federal prisoner incarcerated at FCI-Sandstone, Minnesota.  Petitioner was sentenced in the United States District Court for the Northern District of Indiana to a term of 188 months for possession of a firearm by a felon, and his current projected release date is July 24, 2009.  Mr. Ross appealed the original 188-month term, successfully arguing that the sentence should be adjusted downward by 34 months for the time he served in state custody for a related offense prior to his federal sentencing.

      In this action Mr. Ross contends that the Bureau of Prisons (BOP) should calculate his good conduct time (GCT) based upon the original 188-month term, rather than the net federal sentence of 154 months that he is now serving, and credit him with an additional

154 days[1] of GCT. Respondent acknowledges that Petitioner has exhausted his administrative remedies[2] and opposes the petition on the merits.

**I. Background**

In July 1994, Petitioner broke into an Indiana home and stole a Beretta handgun. Police later apprehended Petitioner while driving a stolen van, and they found the stolen handgun in the waistband of Mr. Ross's pants. Mr. Ross ultimately was convicted of residential burglary, for which he received a state sentence of 20 years. Prior to sentencing on the state conviction, a federal district court indicted Petitioner on two counts arising from the same July 1994 events—possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of a stolen firearm, 18 U.S.C. § 922(j). Because Petitioner had three prior felony convictions, he received a 15-year mandatory minimum federal sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). At the time the federal district court sentenced Petitioner on May 22, 1998, he had already served 34 months of his state sentence. The district court sentenced Mr. Ross to a term of 188 months for count one, to run concurrently with the remainder of his state term.[3]

The district court's original sentence ordered the BOP to give Mr. Ross credit for the 34 months he had already served, but did not independently alter the 188-month total sentence.[4] As Mr. Ross argued on appeal to the Seventh Circuit, the district court lacks

---

[1] Respondent's brief states Petitioner is requesting 154 days additional GCT (Government's Response to Petition for Writ of Habeas Corpus at 7); Petitioner is claiming 153 days (Petition for Writ of Habeas Corpus at 6).

[2] Declaration of Cheryl A. Pauley, para. 15 [Docket No. 8].

[3] See Pauley Decl., Attachment 5.

[4] Id.

authority to order the BOP to give a prisoner credit on his sentence. U.S. v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) (citing U.S. v. Wilson, 503 U.S. 329 (1992)). The Seventh Circuit agreed with Petitioner and remanded the case for resentencing; directing the district court to set the total sentence, inclusive of adjustments for the 34 months Petitioner had served in state custody prior to his federal conviction.[5] Id. at 595. The remand permitted the district court to achieve the same end in sentencing without BOP intervention: the total 188-month sentence remained unchanged, but on remand the district court imposed a net sentence of 154 months. Id. This revised sentence was not inconsistent with the mandatory minimum term required by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). See Ross, 219 F.3d at 594 (stating the total sentence of 34 months plus 154 months is 188 months, "comfortably above" the required 180 months).

After resentencing, Petitioner's projected release date is July 24, 2009, which takes into account GCT for a 154-month term.[6] For each year of his sentence served, Petitioner has earned 54 days of GCT;[7] the projected GCT total is 603 days.[8] In this action, Petitioner maintains that he is owed an additional 153 days of GCT for the 34-month period served on his state sentence, calculated on the original federal sentence of 188 months.[9] The government contends in opposition that the BOP correctly calculated

---

[5] See Pauley Decl., Attachment 6.

[6] Id. at Attachment 8.

[7] Id. at Attachment 10.

[8] This includes 9 days GCT for the last portion of Petitioner's sentence; GCT is prorated to account for partial years of service. Id. at Attachment 8.

[9] Petition for Writ of Habeas Corpus at 6 [Docket No. 1].

Petitioner's GCT based upon the commencement of the actual federal sentence. Respondent further argues that Petitioner has already earned GCT towards his state sentence, and to allow Petitioner to calculate GCT for his net 188-month term, including the 34-month state service, would effectively be double counting.

**II. Discussion**

Mr. Ross's petition turns on the interpretation of how to calculate good conduct time credit for federal prisoners. Good conduct time, or GCT, is typically calculated based upon the time actually served in prison, rather than the complete sentence imposed. 18 U.S.C. § 3624(b), which addresses the calculation of GCT, is ambiguous about exactly when inmates start to earn GCT. See Bernitt v. Martinez, 432 F.3d 868, 869 (8th Cir. 2005). The statute states in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b) (emphasis added). Under the statute, the federal Bureau of Prisons is entrusted by Congress with overseeing GCT credits to inmates. In its discretion, the BOP construes the statute to mean that GCT credit is calculated based upon the actual time a prisoner serves, beginning on the date the federal sentence is imposed. See U.S. v. Hayes, No. 07-3516, slip op. at 4 (8th Cir. July 31, 2008) (holding that "[o]nly the BOP has the authority to determine when a federal sentence commences"). Under that construction, GCT credit begins to accrue after a prisoner first goes into federal custody.

- 4-

An executive agency's statutory interpretation must be viewed through the lens of the Chevron deference standard.  According to Chevron, as long as an agency's construction of a statute is reasonable, the court does not substitute its own judgment for that of the agency.  Chevron, U.S.A., Inc. v. Nat. Resources Def. Council, Inc., 467 U.S. 837, 843 (1984).  Rather, "the question for the court is whether the agency's answer is based on a permissible construction of the statute."  Id.  The court therefore gives "considerable weight" to an agency's interpretation of a statutory scheme that it administers.  Id. at 844.

The BOP's interpretation of § 3624(b), where GCT time begins to accumulate at the imposition of a term of service, is reasonable.  Several Circuits, including the Eighth in Bernitt, have upheld the BOP's reading of GCT calculation, and have denied prisoners' habeas petitions to calculate GCT based on the length of the imposed sentence.[10]  Computing GCT based on actual time served in BOP custody accords with the language of the statute, which allows prisoners to earn good time credits "toward the service of the prisoner's sentence … beginning at the end of the first year of the term." § 3624(b).  Further, the BOP interpretation achieves the goal of the statute by including a fair pro-rating scheme, enabling inmates to calculate the time they must serve with reasonable certainty.  Pacheco–Camecho v. Hood, 272 F.3d 1266, 1270 (9th Cir. 2001).  At the same time, this view of GCT calculation prevents certain inmates from earning GCT for time when they were not actually incarcerated.  Id. at 1271.

---

[10] See Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); Bernitt, 432 F.3d at 869; Mujahid v. Daniels, 413 F.3d 991, 997 (9th Cir. 2005) cert. denied, 547 U.S. 1149 (2006); Wright v. Fed. Bureau of Prisons, 451 F.3d 1231, 1236 (10th Cir. 2006).

In his petition, Mr. Ross relies primarily upon a District of Oregon case to support his argument that the BOP should calculate his good conduct time credits based upon the full sentence imposed rather than the actual time served. Kelly v. Daniels, 469 F. Supp. 2d 903 (D. Or. 2007). While Petitioner is correct that his situation is nearly identical to Kelly, the opinion of an Oregon district court is not controlling in Minnesota. Further, the reasoning in the opinion is not persuasive and it relies upon no other prior case law. Id. Ultimately, the overwhelming weight of authority takes a contrary position to that of Kelly, finding that good conduct time is properly calculated based upon the time served in BOP custody, and not on the sentence imposed.

Finally, the Petitioner cannot avail himself of the common law rule of lenity in this instance.[11] In addition to the Petitioner's failure to request relief based on the rule, it is inapplicable here for two reasons. First, § 3624(b) is not a substantive criminal statute. Instead, it aims to ensure administrative order in prisons, not advance the punitive goals of criminal law. Wright, 451 F.3d at 1236 (quoting Sash v. Zenk, 428 F.3d 132, 134-35 (2nd Cir. 2005)). Second, the ambiguity in the instant law can be resolved under the Chevron deference standard. See O'Donald, 402 F.3d at 174 (citing Caron v. U.S., 524 U.S. 308, 316 (1998)). Under these circumstances, the court does not need to resort to the rule of lenity in interpreting § 3624(b).

Petitioner and Respondent both engage in a semantic argument about whether Mr. Ross's federal sentence was "reduced" or "adjusted," pursuant to U.S.S.G. § 5G1.3(c), to account for the 34 months Mr. Ross spent in state custody before his federal sentencing.

---

[11] When confronted with an ambiguous penal statute, the common law rule of lenity requires the court to construe the statute leniently, in order to avoid violating the due process rights of a prisoner.

The court finds that this point is not pertinent to the decision. The Petitioner will spend 154 months in BOP custody and governing case law clearly indicates that the BOP's policy of calculating good conduct time from the date a prisoner enters federal custody is reasonable. Although Petitioner's original federal sentence was to a term of 188 months, his effective term in BOP custody will be 154 months, and this is the period of time that is relevant to the GCT credit calculation.

### III.  Conclusion

The Bureau of Prisons' interpretation of § 3624(b), calculating good conduct time based upon the total time served in federal custody, is reasonable as applied in this case. The court therefore does not need to substitute its interpretation of the statute for the BOP's. Petitioner is entitled to good conduct time credit based upon a 154-month term, the portion of a 188-month federal sentence served in BOP custody. Based upon the foregoing discussion, along with the memoranda and supporting attachments:

**IT IS HEREBY RECOMMENDED** that Petitioner Nicholas John Ross's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2241 be **dismissed**. [Docket No. 1].

Date: ___July 31, 2008____

           _s/Arthur J. Boylan_____
           Arthur J. Boylan
           United States Magistrate Judge

Pursuant to Local Rule 72.2 (b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly

-8-

appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 15, 2008.